IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01947-RM-KLM

IDALY MARTINEZ on her own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

RIAL DE MINAS, INC.,
RIAL DE MINAS II, INC.,
RIAL DE MINAS III, INC.,
RIAL DE MINAS IV, INC.,
JUAN LUEVANOS,
MARIA LUEVANOS, and,
MELISSA LUEVANOS,

    Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Adopt Parties'**

**Stipulation of Preliminary Certification of a Fair Labor Standards Act § 216(b) Class**

**and a Fed. R. Civ. P. 23 Class and for Court-Authorized Notice to Class Members**

[#28][1] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the

Motion was referred to this Court for appropriate disposition.  The Court has reviewed the

Motion [#28], the entire case file, and the applicable law, and is sufficiently advised in the

premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the

Motion [#28] be **GRANTED**.

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Recommendation.

## I.  Background

Plaintiff initiated this putative class action lawsuit against Defendants Rial de Minas, Inc., Rial de Minas II, Inc., Rial de Minas III, Inc., Rial de Minas IV, Inc., Juan Luevanos, Maria Luevanos, and Melissa Luevanos (collectively "Defendants").  *Am. Compl.* [#23] at 1.  Plaintiff alleges that Defendants deleted hours worked from employees' paychecks and refused to pay employees overtime wages in violation of the Fair Labor Standards Act (the "FLSA") and the Colorado Minimum Wage Act (the "CMWA").  *Id.* at ¶¶ 1-3; 29 U.S.C. § 201 *et seq.*; Colo. Rev. Stat. § 8-6-101 *et seq.*  Plaintiff's Amended Complaint [#23] contains two claims for relief: (1) an FLSA claim for failure to pay overtime premiums; and (2) a CMWA claim for failure to pay overtime premiums.  *Am. Compl.* [#23] at 8-9.

The parties jointly seek preliminary certification of an FLSA § 216(b) collective action for settlement purposes regarding the FLSA claim, as well as certification of a Fed. R. Civ. P. 23 class for settlement purposes regarding the CMWA claim.  *Motion* [#28] at 1-2.  The parties also request authorization for a class administrator to distribute notice to potential class members to notify them of their right to opt-in to the FLSA collective action and their right to opt-out of the Rule 23 class.  *Id.*

## II.  FLSA Collective Action

### A.      Standard

The FLSA permits collective actions where allegedly aggrieved employees are "similarly situated."  29 U.S.C. § 216(b).  The determination of whether employees are similarly situated occurs in two stages: (1) a preliminary "notice" stage, and then (2) a second determination, at the end of discovery, under a stricter standard.  *Torres-Vallejo v.*

*Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016).

The standard for preliminary certification, at the initial notice stage, is lenient and plaintiffs are required to show "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (internal quotation marks omitted); *see also Turner v. Chipotle Mexican Grills, Inc.*, 123 F. Supp. 3d 1300, 1309 (D. Colo. 2015) (recognizing that preliminary certification should follow a "permissive joinder standard" and "presumptively allow workers bringing the same statutory claim against the same employer to join as a collective").

Participation in an FLSA collective action requires potential plaintiffs to affirmatively opt-in to the proceeding. *Abdulina v. Eberl's Temp. Servs., Inc.*, No. 14-cv-00314-RM-NYW, 2015 WL 12550929, slip op. at *3 (D. Colo. April 27, 2015).  Once plaintiffs satisfy the preliminary certification standard, the Court may approve notice to be sent to all individuals who may be eligible to participate in the collective action. *Torres-Vallejo*, 220 F. Supp. 3d at 1091.

## B.      Collective Action Requirements

The parties seek preliminary certification of an FLSA collective action for the purpose of notifying potential plaintiffs and providing them the opportunity to opt-in. *Motion* [#28] at 3.  Preliminary certification of an FLSA collective action is determined under a lenient, permissive standard and conditional certification is routinely allowed. *Abdulina*, 2015 WL 12550929, at *4 (stating that "[c]onditional certification has been denied only where the complaint was wholly conclusory in nature, the supporting affidavit relied on hearsay from unidentified sources, and the nature of the violation was rendered ambiguous by the

particular circumstances of the only named plaintiff").

Defendants stipulate to Plaintiff's assertion that Defendants' "employees who worked between August 1, 2013, and the present are similarly situated" for the purposes of preliminary collective action certification. *Motion* [#28] at 4.  Plaintiff further maintains that she and other hourly employees were all subject to Defendants' common policy of deleting hours worked from employees' paychecks and failing to pay overtime wages. *Am. Compl.* [#23] at 8.  Additionally, Plaintiff submitted declarations from two former employees of Defendants, attesting to the same allegations that Defendants deleted hours worked from employees' paychecks and did not pay employees overtime. *Decl. of Ramirez* [#28-1] at 1; *Decl. of Arceo* [#28-2] at 1.

Based on the foregoing, the Court finds that Plaintiff has alleged sufficient facts to demonstrate that preliminary certification is appropriate at this stage and respectfully **recommends** conditionally certifying an FLSA collective action. *See Abdulina*, 2015 WL 12550929, at *4.

## C.    Notice

The parties ask the court to approve the distribution, by a class administrator, of proposed notice forms to potential opt-in plaintiffs for the FLSA collection action. *Motion* [#28] at 1, 13.  The parties are in agreement about the proposed forms of notice and stipulate that potential opt-in plaintiffs will be notified by first-class U.S. Mail, in both English and Spanish, and that there will be a 60-day opt-in period for potential class members to return the opt-in forms to Plaintiff's counsel. *Id.* at 13-14.

The proposed notice and consent form appears to be fair and accurate. *See*

*Abdulina*, 2015 WL 12550929, at \*7.  In light of this, the Court respectfully **recommends** that the proposed notice and consent forms be approved for issuance to potential class members.  *See id.*

### III.  Rule 23 Class

**A.     Standard**

A district court possesses broad discretion in determining whether a suit should proceed as a class action.  *Fink v. Nat'l Sav. & Tr. Co.*, 772 F.2d 951, 960 (D.C. Cir. 1985). A district court is required to engage in its own "rigorous analysis" regarding whether the requirements of Rule 23(a) have been satisfied.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  Plaintiffs bear the burden of proof on all requirements for class action certification.  *DG ex rel. Stricklen v. Deveughn*, 594 F.3d 1188, 1194 (10th Cir. 2010).

**B.     Class Certification Requirements**

A party seeking to certify a class bears the "strict" burden of proving that the requirements of Rule 23 have been met.  *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988); *see also Cook v. Rockwell Int'l Corp.*, 151 F.R.D. 378, 381 (D. Colo. 1993). Specifically, Plaintiffs must establish each of the four requirements set forth in Rule 23(a): "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  *Cook*, 151 F.R.D. at 381.

In addition, a party seeking class certification must establish that the case falls within one of the subcategories provided in Rule 23(b).  *Id.*  These subcategories are: (1) that separate actions would create a risk of inconsistent adjudications resulting in conflicting consequences for Defendant or other putative class members; (2) that Defendant has acted on grounds that generally apply to the class; and (3) that common questions of law or fact predominate over individualized questions.  *DG*, 594 F.3d at 1194.

### 1.    Rule 23(a)

The Court first examines whether Plaintiff has met the requirements of Rule 23(a).

#### a. Numerosity

To establish the numerosity element of Rule 23(a)(1), "[t]he burden is upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable."  *Folks v. State Farm Mut. Auto. Ins. Co.*, 281 F.R.D. 608, 616 (D. Colo. 2012) (quoting *Peterson v. Okla. City Hous. Auth.*, 545 F.2d 1270, 1273 (10th Cir. 1976)). Determining whether plaintiffs have met this element is not subject to a "set formula"; it is a "fact-specific inquiry."  *Folks*, 281 F.R.D. at 616 (quoting *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)).

Defendants have stipulated to the certification of a Rule 23 class for settlement purposes and thus, do not dispute that Plaintiff meets the numerosity element of Rule 23(a). *Motion* [#28] at 2, 7.  Plaintiff asserts that there are approximately 510 putative class members.  *Id.* at 7.  Based on the information that Plaintiff has provided, the Court finds that the numerosity factor of Rule 23(a) is satisfied.  *See, e.g.*, *Clay v. Pelle*, No. 10-cv-01840-WYD-BNB, 2011 WL 843920, at *2-3 (finding that a class of 400 prisoners, all subject to the challenged prison policy, satisfied the numerosity element).

-6-

### b. Common Questions of Law or Fact

The Court next turns to the common-question requirement of Rule 23(a)(2). For class members to share a least one common question of law or fact, they must "possess the same interest and suffer the same injury." *Trevizo*, 455 F.3d at 1163 (citing *Gen. Tel. Co. of the Sw.*, 457 U.S. at 156)). Class members do not need to share both common questions of law *and* common questions of fact. *J.B. ex rel Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999). Determining the existence of common questions turns on whether "a classwide proceeding will be efficacious in generating common answers apt to drive the resolution of litigation." *Martinez v. Nash Finch Co.*, No. 11-cv-02092-MSK-KLM, 2013 WL 1313921, at *5 (D. Colo. Jan. 30, 2013). Further, the common question must be able to be resolved classwide, meaning that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Defendants have stipulated to the certification of a Rule 23 class and thus, do not dispute that Plaintiff meets the commonality requirement of Rule 23(a). *Motion* [#28] at 2, 8. Plaintiff provides a clear, specific question that is common to all putative class members: "whether the putative Class members were subject to [*sic*] company-wide practice of deleting hours worked and non-payment of overtime premiums." *Motion* [#28] at 8.

The common question articulated by Plaintiff refers to Defendants' alleged conduct that uniformly resulted in unpaid wages to their employees. *See id.*; *see also Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 126 (D. Colo. 2016) ("Commonality still exists if class members differ factually but challenge the application of a commonly-applied policy."). The impact of Defendants' alleged conduct was consistent among potential class

members and thus, the resolution of Plaintiff's common question would result in common answers classwide. *See Trevizo*, 455 F.3d at 1163 (affirming the district court's finding that the commonality element was not satisfied because each of the plaintiffs' claims presented "divergent fact patterns") (internal quotation marks omitted). Therefore, the Court finds that the commonality element is met as a result of the common question articulated by Plaintiff.

### c. Typicality

In order to establish the third element of Rule 23(a), Plaintiff must demonstrate that her individual claims are typical of the class members she seeks to represent. *See Folks*, 281 F.R.D. at 617. Rule 23(a)(3) states that typicality is met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." In other words, "[a] prerequisite for certification is that the class representatives be part of the class and possess the same interest and suffer the same injury as class members." *Folks*, 281 F.R.D. at 617-18 (quoting *Rector v. City & Cty. of Denver*, 348 F.3d 935, 949 (10th Cir. 2003)).

Defendants have stipulated to the certification of a Rule 23 class and thus, do not dispute that Plaintiff meets the typicality element of Rule 23(a). *Motion* [#28] at 2, 8-9. Plaintiff asserts that her claims, regarding the deletion of hours worked and failure to pay overtime wages, challenge the same conduct that was universally applied to all putative class members. *See id.* at 9; *DG*, 594 F.3d at 1199 (stating that "typicality exists where . . . all class members are at risk of being subjected to the same harmful practices, regardless of any class members individual circumstances"). Based on the information that Plaintiff has provided, the Court finds that the typicality factor is satisfied. *See Pliego*, 313 F.R.D. at 126 (finding that the plaintiffs satisfied the typicality standard because their claims

"challenge[d] the same conduct under the same legal and remedial theories as d[id] the claims of the absent class").

### d. Fair Representation

Finally, the Court determines whether the fair-representation requirement of Rule 23(a) has been satisfied. In order to do so, Plaintiff must show that the class representative will fairly and adequately protect the class interests. *See Folks*, 281 F.R.D. at 618 (citing Fed. R. Civ. P. 23(a)(4)). The Tenth Circuit has mandated that two questions must be asked in making this determination: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Folks*, 281 F.R.D. at 618 (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002)).

Defendants have stipulated to the certification of a Rule 23 class and thus, do not dispute that Plaintiff meets the fair and adequate representation element of Rule 23(a)(4). *Motion* [#28] at 2, 9-10. In response to the first question, Plaintiff maintains that, as the named Plaintiff, she has no conflicts of interest with other class members because she has the "same interest in vindicating her wage rights as do absent members of the putative class." *Id.* at 10. In response to the second question, Plaintiff maintains that she is represented by experienced counsel and that she and her counsel will prosecute the action vigorously on behalf of the class. *Id.*

The Court finds that, based on the information that Plaintiff has provided, the fair and adequate representation element of Rule 23(a) is satisfied. *See Pliego*, 313 F.R.D. at 127 ("Absent evidence to the contrary, a presumption of adequate representation is invoked.")

(quoting *Schwartz v. Celestial Seasonings*, 178 F.R.D. 545, 552 (D. Colo. 1998)).

### 2.      Rule 23(b) Requirements

In order for a class to be certified, Plaintiff must satisfy not only the requirements of Rule 23(a), but also one of the requirements of Rule 23(b).  Plaintiff seeks certification only pursuant to Rule 23(b)(3).  *Motion* [#28] at 11.  Rule 23(b)(3) states, in part, that class treatment is allowed where (1) "questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  In making this determination, the Court considers: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) whether it is desirable to concentrate the litigation of the claims in the particular forum; and (4) any difficulties in managing a class action.  Fed. R. Civ. P. 23(b)(3).

Defendants stipulate to the certification of a Rule 23 class and thus, they do not dispute that Plaintiff meets the requirements of Rule 23(b)(3).  *Motion* [#28] at 2, 11.  In its Rule 23(a) commonality discussion above, the Court found that whether the putative class members were subject to Defendants' policy of deleting hours worked and non-payment of overtime wages was a question common to all putative class members.  *Motion* [#28] at 8.  Thus, the same alleged course of conduct by Defendants is at the heart of all putative class members' claims, predominating over any potential individual differences.  *See Torres-Vallejo*, 220 F. Supp. 3d at 1084 ("Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions.") (citing *In re*

*Urethane Antitrust Litig.*, 768 F.3d 1245, 1255 (10th Cir. 2014)).  Plaintiff has therefore met the predominance element of Rule 23(b)(3).

Additionally, the parties stipulate that a class action is superior for adjudicating these claims.  *Motion* [#28] at 12.  Addressing each of the factors outlined in Rule 23(b)(3) in turn, Plaintiff maintains that: (1) the absent class members have shown no interest in controlling the litigation; (2) no other litigation regarding this issue has been commenced; and (3) it is desirable to concentrate the claims because all putative class members reside in this judicial district.  *Id.*  When determining whether to certify a class for settlement purposes, the Court does not need to consider the fourth requirement of whether there will be any difficulties in managing a class action.  *Anchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (explaining that "a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial").  The Court agrees that proceeding as a class is the superior method for adjudicating this controversy.  *See Torres-Vallejo*, 220 F. Supp. 3d at 1084-85 (finding that Rule 23(b)(3) was satisfied because "individualized resolution of claims would be both unlikely and impractical").

Accordingly, the Court respectfully **recommends** that a Rule 23 class be certified for settlement purposes.  *See DG*, 594 F.3d at 1194.

**C.      Notice**

The parties also ask the Court to allow a class administrator to issue notice and an opt-out form regarding the Rule 23 settlement class.  *Motion* [#28] at 14.  "For any class certified under Rule 23(b)(3), the court must direct to class members the best notice

practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005) (citing Fed. R. Civ. P. 23(c)(2)(B)).

The Court finds that the notice proposed by the parties satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and informs potential class members of the settlement terms. *See Motion* [#28-4].  Thus, the Court respectfully **recommends** that the proposed notice be approved for issuance to potential class members.  *See DeJulius*, 429 F.3d at 943.

### IV.  Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **RECOMMENDED** that the Motion [#28] be **GRANTED**.

IT IS FURTHER **RECOMMENDED** that the following Rule 23 class be certified in this case:

> All hourly employees who worked at a Real Minas Restaurant on or after August 1, 2014.

IT IS FURTHER **RECOMMENDED** that this case be conditionally certified as a collective action under the FLSA, 29 U.S.C. § 216(b), and that notice shall be sent to all current and former employees of Rial de Minas Restaurants who meet the following criteria:

> All hourly employees who worked between August, 1, 2013, and the present.

IT IS FURTHER **RECOMMENDED** that the parties be permitted to distribute their proposed Notice and Consent to Join forms [#28-3] to inform the recipients of their right to opt-in to the FLSA action.

IT IS FURTHER **RECOMMENDED** that the parties be permitted to distribute their proposed Notice of Class Action Lawsuit for Unpaid Wages [#28-4] to inform the recipients

of their right to opt-out of the Rule 23 class.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 26, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge